**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ReBath LLC, | No. CV-19-04873-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| HD Solutions LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff ReBath, LLC ("ReBath") and Defendant HD Solutions, LLC's ("HD Solutions") Joint Summary of Discovery Dispute (Doc. 116). The Joint Summary outlines the parties' disputes over the scope of the topics in ReBath's Amended Notice of Rule 30(b)(6) Deposition to Defendant HD Solutions (Doc. 116-1, "Amended Notice") and HD Solutions's Responses and Objections to the Amended Notice (Doc. 116-2, "Responses and Objections").

## I.    LEGAL STANDARD

Since an organization itself cannot be deposed, Federal Rule of Civil Procedure 30(b)(6) allows the testimony to be taken from a person answering questions on behalf of the entity. *See Hooker v. Norfolk S. Ry. Co.*, 204 F.R.D. 124, 125 (S.D. Ind. 2001). Under Rule 30(b)(6), a party may notice an organization's deposition without specifically naming the individual to be deposed, instead setting forth "with reasonable particularity" the matters on which the examination is requested so the organization can designate one or more individuals to testify.

In response to a Rule 30(b)(6) deposition notice, "corporate parties have an obligation to present witnesses who are capable of providing testimony on the noticed topics regardless of whether the information was in the witness's personal knowledge, provided that the information is reasonably available to the corporation." *Memory Integrity*, 308 F.R.D. at 661; *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved."). The corporation must identify and prepare its witnesses "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Sprint Commc'ns Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006) (internal quotation marks and footnote omitted); *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999) (corporation has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter"). "The designating party has a duty to designate more than one deponent if necessary to respond to relevant areas of inquiry on the noticed topics." *Great Am. Ins. Co. of New York*, 251 F.R.D. at 538-39. Although courts have recognized that "[a]dequately preparing a Rule 30(b)(6) deposition can be burdensome, 'this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.'" *Id.* at 540 (quoting *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D. N.C. 1996)).

Because "Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party," *Memory Integrity*, 308 F.R.D. at 661, for the Rule "to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000). While an organization must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter . . . that task becomes less

1   realistic and increasingly impossible as the number and breadth of noticed subject areas

2   expand." *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 1511901, at

3   *2 (N.D. Cal. Jan. 27, 2012) (internal quotation marks omitted). Rule 30(b)(6) does not permit

4   "burdening the responding party with production and preparation of a witness on every facet

5   of the litigation." *Apple*, 2012 WL 1511901, at *2.

6   **II.   ANALYSIS**

7   **A.   Topics 1 and 2**

8        Topics 1 and 2 of the Amended Notice seek a Rule 30(b)(6) witness to testify

9   regarding "[a]ll facts and evidence concerning, regarding and relating to" 1) HD Solutions's

10  defenses to ReBath's claims; and 2) HD Solutions's counterclaims. The Court finds that

11  these topics lack the reasonable particularity required under Rule 30(b)(6). They encompass

12  all aspects of the litigation such that it will be overly burdensome for HD Solutions to

13  properly prepare its representative to testify. *See Doe v. Swift Transp. Co., Inc.*, No. 2:10-

14  CV-00899-JWS, 2015 WL 11110892 at *4 (D. Ariz. Nov. 13, 2015) (holding that 30(b)(6)

15  topic requesting representative to be prepared to testify about "the existence vel non of any

16  other evidence relevant to the claims and defenses in this case" was an "unreasonable catch-

17  all topic" that should not have been included in the deposition notice).

18       Therefore, Topics 1 and 2 shall be stricken from ReBath's Amended Notice.

19  **B.   Topics 5, 6, and 7**

20       Topics 5, 6, and 7 seek a Rule 30(b)(6) witness to testify on the following issues:

21       5.   "The Customer List, including but not limited to HD Solutions's use of and

22  access to the Customer List through and including the date of the deposition."

23       6.   "The Local Website, including but not limited to HD Solutions's use of and

24  access to the Local Website;"

25       7.   "The ReBath Marks, including but not limited to HD Solutions's use and

26  benefit of the ReBath Marks from June 1, 2019 through the date of the deposition."

27       HD Solutions objects to the phrase "including but not limited to" in all of the topics

28  as overbroad. The Court is unpersuaded by the objection as the topics are sufficiently

1  limited by the terms "Customer List," "Local Website," and "ReBath Marks." HD
2  Solutions can adequately prepare a representative to testify as to these topics.

3      HD Solutions further objects to the definition of the Customer List in the Amended
4  Notice because it does not have a temporal limitation. At the hearing, ReBath stated that
5  June 2019 through present would be a reasonable limitation because HD Solutions alleges
6  the misappropriation of the list started approximately at that time. However, it later
7  indicated that ReBath might want to conduct discovery prior to that date but did not offer
8  a different temporal limitation. ReBath also did not offer a compelling reason why it will
9  need to question the witness regarding the use of the Customer List before June 2019 but
10 to avoid prejudice to either party, the Court finds that June 2017 is the proper temporal
11 limitation on the Customer List.

12     Therefore, HD Solutions shall produce a Rule 30(b)(6) witness to testify as to
13 Topic 5 from June 1, 2017 through present as well as Topics 6 and 7 as presently stated in
14 the Amended Notice.

15     **C.    Topic 15**

16     Topic 15 of the Amended Notice concerns "HD Solutions's responses and
17 objections to Plaintiff's First Set of Interrogatory Nos. 1 through 8, and Plaintiffs' Second
18 Set of Interrogatory Nos. 9 through 11." HD Solutions asserts that Topic 15 is overbroad,
19 particularly because ReBath's Interrogatory No. 1 includes over one hundred Requests for
20 Admissions. The Court agrees. *See Vantage Mobility Int'l, LLC v. Kersey Mobility, LLC*,
21 No. CV-19-04684-JJT, 2021 WL 148651 at *4-5 (D. Ariz. Jan. 15, 2021) (holding Rule
22 30(b)(6) topic overbroad where it concerned responses to all previous discovery requests).
23 However, the Court finds the Request proper when it is restricted to HD Solutions's
24 responses and objections to only ReBath's Interrogatories.

25     Therefore, HD Solutions shall produce a Rule 30(b)(6) witness to testify as to Topic
26 15, excluding the portion of ReBath's Interrogatory No. 1 that contains ReBath's Requests
27 for Admission.

28

1

**IT IS THEREFORE ORDERED** HD Solutions shall produce a witness to testify

2

to the Topics in ReBath's Amended Notice as further amended by this Court's Order.

3

Dated this 4th day of June, 2021.

4

5

_____
Honorable John J. Tuchi
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28